**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LARRY SYLVESTER (#078014)**                                **CIVIL ACTION**

**VERSUS**

**FRANK POLOZOLA, ET AL.**                                   **NO. 10-0119-RET-DLD**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on July 26, 2010.

                                     **MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LARRY SYLVESTER (#078014)**                                    **CIVIL ACTION**

**VERSUS**

**FRANK POLOZOLA, ET AL.**                                       **NO. 10-0119-RET-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against United States District Judge Frank J. Polozola and United States Magistrate Judge Christine Noland, complaining that the defendants violated his constitutional rights through the mishandling of one or more earlier lawsuits filed by him.

Pursuant to 28, U.S.C. § 1915(e), the Court is authorized to dismiss an action brought in forma pauperis if the Court determines that the claim asserted therein is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  In addition, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

The plaintiff's claim fails to rise to the level of a constitutional violation. Under Bivens, supra, a person may bring an action against a federal employee acting in his individual capacity for the violation of the plaintiff's constitutional rights.  In the instant case, the plaintiff alleges, without providing specific facts or instances of misconduct, that the defendant judges have denied his constitutional rights in numerous respects, including without limitation that they have "deliberately

with cognizant willful neglect denied plaintiff First Amendment opportunity to be heard and access to the Court", have "with deliberate indifference and cognizant willful neglect [failed] to perform nondiscretionary statutory and constitutional duties", have "suppressed and excluded favorable fact-findings and reasonable inferences", have mis-applied the screening provisions of 28 U.S.C. § 1915, and have misapplied decisions of the United States Supreme Court in, inter alia, Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), and Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

    Although the plaintiff does not make specific reference in his Complaint to the prior lawsuit of which he complains, it appears from reference to his voluminous exhibits that he is referring in fact to claims asserted by him in Larry Sylvester v. Burl Cain, et al., Civil Action No. 04-0572-FJP-CN.  In that case, the assigned Magistrate Judge recommended, on motions filed by the defendants, that the plaintiff's claims be dismissed in part for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e and in part for failure to state a claim upon which relief could be granted.  In addition, utilizing the screening procedure provided in 28 U.S.C. § 1915, the Magistrate Judge recommended dismissal of the plaintiff's remaining claims against unserved and non-appearing defendants for failure to state a claim upon which relief could be granted.  These recommendations were adopted by the assigned District Judge, and Judgment was entered dismissing the plaintiff's lawsuit.  The plaintiff's subsequent appeal of this determination was upheld by the United States Court of Appeals for the Fifth Circuit by Mandate issued February 20, 2009.

    Notwithstanding the plaintiff's dissatisfaction with rulings made in his prior case, it is clear that the defendant federal judges are immune under Bivens because their rulings and determinations in the plaintiff's prior proceedings constituted judicial acts, "not performed in the clear absence of all jurisdiction."  See Butcher v. Guthrie, 332 Fed.Appx. 161 (5th Cir. 2009); Collie v. Kendall, 220 F.3d 585 (5th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct. 775, 148 L.Ed.2d 673 (2001).  In this regard, it is well-settled that "[j]udicial officers are entitled to absolute immunity

from claims for damages arising out of acts performed in the exercise of their judicial discretion." Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural error." Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).  Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages.  Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  Id. Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice. The immunity "applies even when the judge is accused of acting maliciously and corruptly." Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).  In determining whether a judge is entitled to immunity, it is the judge's actions alone, not his supposed intent, that the court must consider.  Malina v. Gonzales, 994 F.2d 1121 (5th Cir. 1992).

Judicial immunity may only be defeated by a showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction.  Mireles v. Waco, supra.  In making this determination the Court relies on four factors, "(1) whether the precise act complained of is a normal judicial junction; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity."  Malina v. Gonzales, supra.  These factors are construed broadly in favor of immunity. Id.

In the instant case, the plaintiff complains of the judicial decisions of the defendant judges that resulted in an unfavorable termination of his previous civil rights lawsuit.  The complained of actions were clearly judicial in nature.  In short, these defendants are immune from liability in this proceeding, and dismissal of the plaintiff's claims on this basis is appropriate.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915.[1]

Signed in Baton Rouge, Louisiana, on July 26, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."